COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


JOSEPH LUTHER SLEMP

                                        MEMORANDUM OPINION[*]
v.   Record No. 1808-97-3                 PER CURIAM
                                        JANUARY 27, 1998
TRAY COAL PROCESSORS AND
 LIBERTY MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gregory R. Herrell; Arrington, Schelin &
              Herrell, on brief), for appellant.

              (Monica L. Taylor; Gentry, Locke, Rakes &
              Moore, on brief), for appellees.


     Joseph Luther Slemp (claimant) contends that the Workers'

Compensation Commission erred in granting Tray Coal Processors'

(employer) application to amend claimant's average weekly wage

based upon a mutual mistake of fact.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On April 11, 1996, claimant, president and co-owner of

employer's business, sustained a compensable back injury.  On

April 26, 1996, Gary Mitchell, employer's vice president,

prepared an Employer's First Report of Accident, reflecting an

average weekly wage of $1,050.  On May 3, 1996, Leah Epling,

employer's insurance adjuster, received a copy of that report.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On May 6, 1996, Epling took claimant's recorded statement.  In that statement, claimant told Epling that employer paid him bi-weekly and that his salary fluctuated "depending on what the checking will allow."  On July 19, 1996, the commission entered an award in favor of claimant.  The commission awarded compensation based upon a Memorandum of Agreement executed by claimant on May 29, 1996, by Epling on July 5, 1996, and filed with the commission on July 9, 1996.  The Memorandum of Agreement indicated a pre-injury average weekly wage of $1,050.

On August 1, 1996, Epling mailed a wage chart to Mitchell for him to complete regarding the wages earned by claimant during the fifty-two week period preceding his injury.  On September 24, 1996, Epling received information from Mitchell indicating that claimant, a corporate officer, had not been paid wages during the fifty-two week period prior to his injury and that employer would not pay claimant a salary until economic conditions improved.  As a result of receiving this information, employer's insurance carrier filed an application with the commission on October 28, 1996, requesting that the commission amend claimant's average weekly wage.

In granting employer's application, the commission found as follows:

> We find that the Deputy Commissioner did not err in determining that a mutual mistake of fact led to the erroneous calculation of the average weekly wage based on 1994 earnings. We further reject claimant's contention that the carrier took a lackadaisical approach to this claim.  On the contrary, the evidence

2

> reveals that Ms. Epling undertook a prompt investigation of the claim and reasonably relied on the information she received from the employer and the claimant regarding the claimant's salary.

"'[T]he purpose of the Workers' Compensation Act is to compensate injured workers for lost wages, not to enrich them unjustly.'" Collins v. Dept. of Alcoholic Beverage Control, 21 Va. App. 671, 678, 467 S.E.2d 279, 282 (1996). The General Assembly has granted "the Commission the power and authority not only to make and enforce its awards, but protect itself and its awards from fraud, imposition, and mistake." Id. at 679-80, 467 S.E.2d at 283.

In this case, the record established that the parties made a significant mutual mistake of fact in paying compensation benefits to claimant pursuant to their executed agreement. To determine whether a mutual mistake occurred, we inquire "whether each party held the same mistaken belief with respect to a material fact at the time . . . [the payments were made and received]." Id. at 681, 467 S.E.2d at 283. In this case, Epling acted under the mistaken belief that employer had paid claimant an average weekly wage of $1,050 during the fifty-two week period preceding his accident, and employer and claimant acted under the mistaken belief that claimant was entitled to receive compensation benefits based upon an average weekly wage of $1,050. The mistake was mutual.

As we stated in Collins, "[w]ithin the principles

3

established by statutes and the Supreme Court decisions, the commission has '"jurisdiction to do full and complete justice in each case."' Justice is not attained by failing to correct obvious mistakes or declining to place the parties in positions which are in accord with the Act." Id. at 681, 467 S.E.2d 283-84 (citations omitted).

Accordingly, we affirm the commission's decision amending its award to reflect claimant's status as an unpaid corporate officer at the time of his injury.

Affirmed.